UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA MARIE THOMPSON, ) | CV F 05 0141 AWI SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITIONER'S MOTION FOR |
| v. ) | DEFAULT JUDGMENT |
| ) | |
| ) | [Doc. #26] |
| GLORIA HENRY, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On February 2, 2005, Petitioner filed a petition for writ of habeas corpus. Thereafter, Petitioner notified the Court that the wrong petition had been filed in the instant matter. The correct petition had been filed in another case. Therefore, on March 17, 2005, the Court issued an order directing the Clerk to unfile the petition from the other case and refile it into this case. On the same date, the Clerk of Court filed the correct petition in this case. See Doc. #15.

    On March 29, 2005, an Order Requiring Respondent to File a Response was issued and directed to Respondent. Respondent was granted ninety (90) days in which to comply with the Court order. However, over ninety (90) days have passed and the Court has not received the Court ordered response. By separate order, the Court has directed Respondent to show cause why sanctions should

1 not be imposed for failure to comply with a court order.

2     On July 25, 2005, Petitioner filed a motion requesting entry of default. Petitioner complains that Respondent has failed to timely comply with the deadlines set by the Court and that Petitioner is therefore entitled to default.  The Court rejects this contention.  28 U.S.C. § 2241(c)(3) provides that the writ of habeas corpus shall not extend to a prisoner unless she is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2243 provides that "the court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.  In Townsend v. Sam, 372 U.S. 293, 312, 83 S.Ct. 745 (1963), the Court said: "State prisoners are entitled to relief on federal habeas corpus only upon proving that their detention violates the fundamental liberties of the person, safeguarded against state action by the Federal Constitution."  The burden to show that she is in custody in violation of the Constitution of the United States is on Petitioner.  The failure of State officials to timely comply with the deadlines set by this Court does not relieve Petitioner of her burden of proof.  Default judgments in habeas corpus proceedings are not available as a procedure to empty State prisons.

    The Court concludes that the alleged failures of the Office of the Attorney General of California to comply with court deadlines does not entitle Petitioner to default judgment.  Gordon v. Duran, 895 F.2d 610, 612 (9th Cir.1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (Respondent's failure to timely respond to petition does not entitle Petitioner to default.) Despite the alleged delinquencies of the State, the Court is obligated to hear the case on the merits.

**RECOMMENDATION**

    Accordingly, the Court HEREBY RECOMMENDS that Petitioner's motion for default judgment be DENIED.

    This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall

1  be served and filed within ten (10) court days (plus three days if served by mail) after service of the
2  objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
3  (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive
4  the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  IT IS SO ORDERED.

7  **Dated:   August 1, 2005**            /s/ Sandra M. Snyder
   icido3                                  UNITED STATES MAGISTRATE JUDGE