# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA MARIE THOMPSON, | 1:05-CV-0141 AWI SMS HC |
| Petitioner, | ORDER VACATING ORDER TO SHOW CAUSE ISSUED ON JULY 28, 2005 |
| v. | ORDER REQUIRING RESPONDENT TO FILE RESPONSE |
| GLORIA HENRY, Warden, | ORDER SETTING BRIEFING SCHEDULE |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO SERVE DOCUMENTS |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On February 2, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. Due to the fact that Petitioner had mistakenly filed two separate petitions, two distinct cases were opened: 1:05-CV-0141 AWI SMS HC and 1:05-CV-0194 AWI LJO HC.[1] The Court consolidated the cases, administratively closed case 1:05-CV-0194 AWI LJO HC, and ordered the petition filed in that case

---

[1] The petition which ultimately commenced 1:05-CV-0194 AWI LJO HC had been filed by Petitioner in the United States District Court for the Eastern District of California, Sacramento Division. The petition which commenced the instant action was filed by Petitioner's counsel in this Court.

1  to be re-filed in the instant case. On March 17, 2005, the Clerk of Court filed the petition from case
2  1:05-CV-0194 AWI LJO HC in this case, and this is the petition on which the action is proceeding.
3  Following a preliminary review of the petition, on March 29, 2005, the Court issued an order
4  directing Respondent to file a response to the petition. The deadline for filing the response passed
5  with no response having been filed by Respondent. Therefore, on July 28, 2005, the Court issued an
6  order directing Respondent to show cause why sanctions should not be imposed for failure to follow
7  a court order. The order to show cause was served on Respondent on the same date.
8         On August 9, 2005, Respondent filed a response to the order to show cause. Counsel for
9  Respondent states that there is no record of the Court's order ever having been received in the Office
10 of the Attorney General for the State of California. Counsel states she only became aware of the
11 Court's order when she received Petitioner's request for default judgment on July 25, 2005. Counsel
12 also states that "there is no notation on the docket in this case that Respondent was served."
13 According to the Court's docket, copies of the order to respond and the petition were served on
14 Respondent following issuance of the order on March 29, 2005. In the docket entry, there appears the
15 following language: "Encl to AG copy of petition." This notation by the Clerk indicates the petition
16 and order were served on Respondent. It is a mystery why Respondent did not receive the order and
17 petition, and the Court is aware that this is not the first instant that this situation has occurred. <u>See</u>
18 Case No. 1:05-CV-0017 AWI LJO HC. In any case, there is no evidence that Respondent
19 intentionally or recklessly disregarded a court order. Therefore, sanctions are not appropriate in this
20 instance, and the order to show cause will be vacated.
21        Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of
22 the Federal Rules of Civil Procedure,[2] the Court HEREBY ORDERS:
23     1.   Respondent SHALL FILE a RESPONSE.  A Response can be made by filing one of the
24          following:

---

[2] The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing Section 2254 Cases.

A. AN ANSWER addressing the merits of the Petition (Doc. #15) and due within **NINETY (90)** days of the *date of service* of this order. Rule 4, Rules Governing Section 2254 Cases; <u>Cluchette v. Rushen</u>, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing an Answer.).

– Respondent SHALL INCLUDE with the Answer any and all transcripts or other documents necessary for the resolution of the issues presented in the Petition. Rule 5 of the Rules Governing Section 2254 Cases.

– Any argument by Respondent that Petitioner has *procedurally defaulted* a claim(s) SHALL BE MADE in an ANSWER that also addresses the merits of the claims asserted. This is to enable the Court to determine whether Petitioner meets an exception to procedural default. <u>See</u>, <u>Paradis v. Arave</u>, 130 F.3d 385, 396 (9th Cir. 1997) (Procedurally defaulted claims may be reviewed on the merits to serve the ends of justice); <u>Jones v. Delo</u>, 56 F.3d 878 (8th Cir. 1995) (the answer to the question that it is more likely than not that no reasonable juror fairly considering all the evidence, including the new evidence, would have found Petitioner guilty beyond a reasonable doubt necessarily requires a review of the merits).

– Petitioner's TRAVERSE, if any, is due **THIRTY (30)** days from the date Respondent's Answer is filed with the Court.

B. A MOTION TO DISMISS due within **SIXTY(60)** days of the *date of service* of this order based on the following grounds:[3,4]

(1) EXHAUSTION - 28 U.S.C. § 2254(b)(1). A Motion to Dismiss for Petitioner's failure to exhaust state court remedies SHALL INCLUDE copies of all the

---

[3]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the court's determination that summary dismissal is inappropriate, the "judge shall order the respondent to file an answer or *other pleading . . . or to take such other action as the judge deems appropriate*." Rule 4, Rules Governing Section 2254 Cases (emphasis added); <u>see</u>, <u>also</u>, Advisory Committee Notes to Rule 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the Attorney General may file a Motion to Dismiss for failure to exhaust.); <u>also</u>, <u>White v. Lewis</u>, 874 F.2d 599, 60203 (9th Cir.1989) (providing that Motions to Dismiss pursuant to Rule 4 are proper in a federal habeas proceeding.)

[4]Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties must seek leave of court before submitting any pleading not contemplated by this Order. Fed.R.Civ.P. 16(e).

    Petitioner's state court filings and dispositive rulings so as to allow the Court to examine the limitations issue. See, Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002); Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003);

 (2) STATUTE OF LIMITATIONS - 28 U.S.C. § 2244(d)(1). A Motion to Dismiss the Petition as filed beyond the one year limitations period SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.

 (3) SECOND OR SUCCESSIVE Petitions - 28 U.S.C. § 2244(b). A Motion to Dismiss the Petition on the basis of § 2244(b) SHALL include a copy of the previously filed federal Petition and disposition thereof.

2. OPPOSITIONS to Motions to Dismiss SHALL be served and filed within EIGHTEEN (18) days, plus three days for mailing. All other Oppositions SHALL be served and filed within EIGHT (8) days, plus three days for mailing. REPLIES to Oppositions to Motions to Dismiss SHALL be served and filed within eight (8) days, plus three days for mailing. Replies to Oppositions to all other Motions SHALL be served and filed within eight (8) days, plus three days for mailing. If no opposition is filed, all motions are deemed submitted at the expiration of the opposition period.

3. Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court along with the Response or Motion to Dismiss, a Consent form indicating whether the party consents or declines to consent to the jurisdiction of a the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

4. RESPONDENT SHALL submit a Notice of Appearance as attorney of record within **SIXTY (60)** days of the date of service of this order for purposes of service of court orders. See, Local Rule 83-182(a), 5-135(c).

5. The Clerk of the Court is DIRECTED to SERVE a copy of this order[5] on the Attorney General or his representative.

6. The Order to Show Cause dated July 28, 2005, is VACATED.

---

[5]Respondent is advised that a scanned copy of the Petition is available in the Court's electronic case management system ("CM/ECF").

1   All motions shall be submitted on the record and briefs filed without oral argument unless
2 otherwise ordered by the Court.  Local Rule 78-230(h).  All provisions of Local Rule 11-110 are
3 applicable to this order.
4 IT IS SO ORDERED.
5 **Dated:   August 19, 2005**              **/s/ Sandra M. Snyder**
    icido3                                                          UNITED STATES MAGISTRATE JUDGE