IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANGELA MARIE THOMPSON,

    Petitioner,                    1:05-cv-00141 ALA HC

    vs.

GLORIA HENRY, Warden,             ORDER

    Respondent.

_____/

    Pending before the court is Petitioner Angela Marie Thompson's *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has raised four grounds that require further briefing.

    In Ground IIA, Petitioner asserts that the trial judge committed misconduct by instructing Petitioner's son regarding his Fifth Amendment Rights. Pursuant to California law, to preserve this claim of judicial misconduct, Petitioner must have objected to the judge's comments at trial. *People v. Boyette*, 58 P.3d 391, 442 (Cal. 2003) (citing *People v. Fudge*, 875 P.2d 36, 54 (Cal. 1994) (holding that a petitioner must preserve a claim of judicial misconduct by objecting at trial)). The parties' briefs do not address whether a contemporaneous objection was made.

    In Ground IIB, Petitioner claims that the trial judge improperly struck the testimony of her son after he invoked his Fifth Amendment Right against self-incrimination. Pursuant to

1  California law, to preserve this issue on appeal, Petitioner was required to make an objection at
2  trial. *People v. Clark*, 857 P.2d 1099, 1122, n.13 (Cal. 1993)  (holding that when a party does
3  not raise an argument at trial, he may not do so on appeal).[1] The parties' briefs do not address
4  whether a contemporaneous objection was made.

5  In Ground III, Petitioner combines two separate arguments.  First, Petitioner argues that
6  the trial court improperly admitted "other crimes evidence" in violation of the Due Process
7  Clause.  California law does not support reversing a conviction because of erroneously admitted
8  evidence unless there is a contemporaneous objection to evidence which should not have been
9  admitted.  Cal. Penal Code § 353; *People v. Callahan*, 87 Cal. Rptr. 2d 838, 843 (Ct. App. 1999).
10 The parties' briefs do not address whether a contemporaneous objection was made.

11 Next, Petitioner argues that the trial court violated the Due Process Clause by giving a
12 modified version of CALJIC 2.50 which invited the jurors to use "other crimes evidence" to
13 show propensity.  California law does not support a challenge to jury instructions unless an
14 objection is made to the alleged instructional error.  Cal. Penal Code § 1259; *People v. Anderson*,
15 61 Cal. Rptr. 3d 903, 910 (Ct. App. 2007) (citing *People v. Flood*, 957 P.2d 869, 876 n.7 (Cal.
16 1997)).  The parties' briefs do not address whether a contemporaneous objection was made.

17 If Petitioner is unable to demonstrate that contemporaneous objections were made to the
18 issues above, then the doctrine of procedural default may bar this Court from addressing those
19 claims.  *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998).  This Court has authority to
20 raise the issue of procedural default sua sponte when it furthers the interests of comity,
21 federalism, and judicial efficiency.  *Id.* at 1127.  If Petitioner has failed to make the appropriate
22 objections, both parties will later be given the required opportunity to respond to the argument
23 for dismissal due to procedural default.  *Id.* at 1128.

---

25 [1]In an unpublished decision, the California Court of Appeal was persuaded that the
26 defendant's failure to object to the trial court's decision, striking witness testimony, forfeits the
issue on appeal.  *People v. Bonner*, 2007 WL 520946 (Cal. Ct. App. 2007).

1  In accordance with the above, the parties are directed to file, on or before March 12,
2  2008, simultaneous briefs of no more than ten pages, discussing whether Grounds IIA, IIB, and
3  both aspects of Ground III of the petition were appropriately objected to at trial. Both parties'
4  briefs should briefly indicate, with specific citations to the record, where objections were, or
5  should have been, but were not made, and whether the objections were sufficient under
6  California law.
7  /////
8  DATED: February 28, 2008

                                    /s/ Arthur L. Alarcón
                                    UNITED STATES CIRCUIT JUDGE
                                    Sitting by Designation